UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HELEN GARDNER,

                         Plaintiff,                             **MEMORANDUM AND ORDER**
                                                         23-CV-3207 (PKC) (RML)

              -against-

NEW YORK PRESBYTERIAN BROOKLYN
METHODIST HOSPITAL; KARINA M. DOUZA,
M.D; LIEN-KHUONG P.  TRAN, M.D.; THOMAS
CHEN, M.D.; JOSIF SHOLOMON, M.D.; ALANNA
SHOLOMON, D.O.; DR. JORDAN; and LAWRENCE
E. STAM, M.D. *et al.*,

                         Defendants.

-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Helen Gardner filed this fee-paid action on April 28, 2023, under this Court's federal question jurisdiction, seeking damages against Defendants for the wrongful death of her daughter.  For the reasons stated below, the action is dismissed without prejudice for lack of subject matter jurisdiction.  However, Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to submit an amended complaint.

**BACKGROUND**

      The following facts are taken from the Complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order.  Plaintiff is seeking damages for the alleged wrongful death of her daughter, Sharae Gardner, on November 15, 2015.  She asserts that Defendants collectively failed to "meet the **MINIMUM STANDARDS** and deviated from [the] acceptable standard of medical care during the care and treatment of [her daughter] . . . on or about

1

November 12, 2015 through November 15, 2015[.]"  (Complaint, Dkt. 1, at ECF[1] 10) (emphasis in original).)  In addition, Plaintiff asserts that her "U.S. Constitution 1st Amendment Right of **DUE PROCESS** . . . [was] violated on July 15, 2019, when the Kings County Supreme Court **REFUSED** to hear the **WRONGFUL DEATH COMPLAINT OF** [her] **DAUGHTER, SHARAE GARDNER.**" (*Id.*)  Plaintiff requests monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Even if a plaintiff has paid the Court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction, or the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also*

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

*Hawkins–El III v. AIG Fed. Sav. Bank,* 334 Fed. App'x 394, 395 (2d Cir. 2009) (affirming the district court's *sua sponte* dismissal of fee-paid frivolous complaint).

## DISCUSSION

While the Court is sympathetic to Plaintiff's situation,[2] the subject matter jurisdiction of the federal courts is limited.  If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

According to the Complaint, the basis for subject matter jurisdiction is federal question jurisdiction, which provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331).  A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted).  Plaintiff's Complaint attempts to invoke this Court's jurisdiction pursuant to § 1331 by alluding to violations of federal law—namely, the First Amendment, due process, and Federal Rule of Civil Procedure 60.  (*See* Dkt. 1, at ECF 8.)  However, a constitutional claim in and of itself is insufficient to confer jurisdiction where such a claim is nothing more than

---

[2] Indeed, the Court presided over a prior tort action brought by Plaintiff and her daughter, Sharae, which was tried before a jury, but resulted in a defense verdict.  *See Gardner, et al. v. Murphy, et al.*, 12-CV-3918.

a state court claim "recloaked in constitutional garb." *Anderson v. Bowen,* 881 F.2d 1, 5 (2d Cir. 1989); *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (a federal court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous.").  The Complaint here does not include any allegations that would support a First Amendment or due process claim, nor would Rule 60—which provides relief under certain circumstances from a *federal court* judgment or order—apply here.[3]  *See Williams v. Long Beach Mortg. Co.*, No. 22-CV-6838 (LTS), 2022 WL 16950932, at *2 (S.D.N.Y. Nov. 14, 2022) ("Rule 60 [] authorizes a federal district court to set aside one of its own judgments or orders only, and not a judgment or order of a state court or other federal court."); *see also Mina v. ENET Advert.*, 616 F. App'x 49, 50 (3d Cir. 2015) (per curiam) ("[A] federal district court cannot overturn a state court judgment pursuant to Rule 60(b).").

The Court further notes that to the extent that Plaintiff seeks to allege that her constitutional rights were violated during the pendency of the Kings County Supreme Court wrongful death action, the *Rooker–Feldman* doctrine prevents Plaintiff from seeking such relief in federal court. That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).      Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Complaint does not suggest

---

[3] It appears that Plaintiff mistakenly believes that she can rely on Rule 60 to, in effect, appeal the Kings County Supreme Court's refusal to hear her daughter's wrongful death complaint.

any basis for the exercise of subject matter jurisdiction.  Plaintiff's claims do not arise under the Constitution or any federal laws.  *See* 28 U.S.C. § 1331.  Plaintiff's claims for wrongful death, negligence, and medical malpractice arise under state law, not federal law.  *See, e.g.*, *Lovejoy v. Watson*, 475 Fed. App'x 792 (2d Cir. 2012) (summary order) (finding that the complaint failed to invoke federal question jurisdiction, as a wrongful death claim does not present a federal question); *Moore v. Brooklyn Hosp. Ctr.,* No. 22-CV-04208 (KAM), 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022) (dismissing an action for lack of federal question jurisdiction where the allegations involved medical malpractice and negligence); *Reyes v. New York Presbyterian Hosp.*, No. 20-CV-3046 (KAM), 2020 WL 6161261, at *2 (E.D.N.Y. Oct. 21, 2020) (same); *Panchitkhaew v. Long Island Jewish Med. Ctr.*, No. 18-CV-4434 (JFB), 2019 WL 1492780, at *3 (E.D.N.Y. Apr. 4, 2019) (noting that allegations of medical malpractice and negligence are state law claims). Because the Court does not have federal question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012).  The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence.  *See Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019).  Because here all parties to the action are citizens of New York, the requirements for establishing diversity jurisdiction under 28 U.S.C. § 1332 is not met. *See, e.g.*, *Nimham-El-Dey v. Health and Hosps.,* No. 21-CV-8238 (LTS), 2021 WL 5166385, at *4

(S.D.N.Y. Nov. 5, 2021) (noting that the plaintiff asserted state law claims of medical malpractice, but he did not allege facts demonstrating that the Court had diversity jurisdiction to consider those claims).  In the absence of a basis to support this Court's subject matter jurisdiction, Plaintiff's complaint must be dismissed. *See* Fed. R. Civ P. 12 (h)(3).

## LEAVE TO AMEND

In deference to Plaintiff's *pro se* status, the Court will permit Plaintiff to file an amended complaint within thirty (30) days from the date of entry of this Order.  Should Plaintiff elect to file an amended complaint, she is informed that the amended complaint must plead facts plausibly alleging a basis for this Court's subject matter jurisdiction.  Plaintiff is advised that an amended complaint does not simply add to the first complaint.  Once an amended complaint is filed, it completely replaces the original.  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see also Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. 2023) (noting that *sua sponte* dismissal is appropriate where claims are plainly deficient, and it is "unmistakably clear" that they "lack[ ] merit" or are "otherwise defective.").

Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, judgment shall enter.  All further proceedings shall be stayed for thirty (30) days.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff and to note the mailing on the docket.

Although Plaintiff paid the filing fee to bring this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444—45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
    May 8, 2023