UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HELEN GARDNER,

                Plaintiff,

      -against-

NEW YORK PRESBYTERIAN BROOKLYN
METHODIST HOSPITAL; KARINA M. DOUZA,
M.D.; LIEN-KHUONG P. TRAN, M.D.; THOMAS
CHEN, M.D.; JOSIF SHOLOMON, M.D.; ALANNA
SHOLOMON, D.O.; DR. JORDAN; and LAWRENCE
E. STAM, M.D. *et al.*,

                Defendants.
------------------------------------------------------------x

**DISMISSAL ORDER**
23-CV-3207 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

      On May 8, 2023, the Court *sua sponte* dismissed Plaintiff's Complaint (Dkt. 1) for lack of subject matter jurisdiction and granted Plaintiff leave to amend her complaint within 30 days of that Order. (*See* May 8, 2023 Mem. & Order, Dkt. 5.) On May 25, 2023, Plaintiff filed her Amended Complaint (Dkt. 6), which attaches further documentation related to the death of her daughter, Sharae Gardner. The legal claims raised by Plaintiff in her Amended Complaint, however, remain the same, and must again be dismissed for lack of subject matter jurisdiction.

      Plaintiff's Amended Complaint continues to attempt to invoke this Court's jurisdiction by alluding to violations of federal law—namely, the First Amendment, due process, and Federal Rule of Civil Procedure 60. (*See* Dkt. 6, at ECF 35–36.)[1] However, as with the original complaint, "[t]he [Amended] Complaint . . . does not include any allegations that would support a First Amendment or due process claim[.]" (Dkt. 5, at 4.) Plaintiff's Rule 60 claim stems from what she

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

argues to be a "void judgment" rendered when the King's County Supreme Court "illegally dismissed" her wrongful death lawsuit. (*See* Dkt. 6, at ECF 35.) But, as the Court previously explained, a constitutional claim in and of itself is insufficient to confer jurisdiction where such a claim is nothing more than a state court claim "recloaked in constitutional garb," *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989), and Rule 60 does not grant a federal court jurisdiction to review action taken by a state court. *See Williams v. Long Beach Mortg. Co.*, No. 22-CV-6838 (LTS), 2022 WL 16950932, at *2 (S.D.N.Y. Nov. 14, 2022) ("Rule 60 [] authorizes a federal district court to set aside one of its own judgments or orders only, and not a judgment or order of a state court or other federal court."). While the Court is very sympathetic to Plaintiff's anguish over the loss of her daughter, it has no authority to adjudicate the claims in her Amended Complaint.

Because this Court has given Plaintiff an opportunity to amend her complaint and Plaintiff still has not stated a cognizable federal claim, her Amended Complaint is dismissed with prejudice. *See Ashmore v. Prus,* 510 F. App'x. 47, 49 (2d Cir. 2013) (holding that denial of leave to amend was proper where barriers to relief for *pro se* plaintiff "cannot be surmounted by reframing the complaint"); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that amendment is futile when "[t]he problem with [a plaintiff's] causes of action is substantive" and "better pleading will not cure it."). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: June 20, 2023
      Brooklyn, New York

3